**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **NO. 4:20-CR-00061-ALM-AGD** |
| | § | |
| **KEITHON LEON HANKINS (2)** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This report and recommendation addresses a petition for revocation of the defendant's supervised release. Dkt. 91 (sealed).

**PROCEDURAL HISTORY**

On July 14, 2022, United States District Judge Amos L. Mazzant, III, sentenced defendant Keithon Leon Hankins to 71 months of imprisonment followed by four years of supervised release. Dkt. 79. Hankins's current term of supervised release commenced September 6, 2024. Dkt. 91 (sealed).

In February 2026, a probation officer petitioned the court for a warrant, alleging that Hankins had violated conditions of his supervised release. *Id.* The petition alleged that Hankins had violated conditions that required him to refrain from committing any federal, state, or local crime; to refrain from any unlawful use of a controlled substance; to not knowingly leave the federal district he is authorized to reside in without permission; to not communicate or interact with someone he knew engaged in criminal activity; and to participate in a program of testing and treatment for substance abuse. *Id.* In support of those allegations, the petition asserted that Hankins had committed a state offense, submitted urine samples that tested positive for marijuana, admitted that he associated with people engaged in criminal activity, and failed to report for a random drug test. *Id.*

A final revocation hearing was held before me on May 22, 2026. Hankins pleaded true to allegations one, two, four, and five. Minute Entry for May 22, 2026. He also consented to

revocation of his supervised release and waived his right to object to my proposed findings and recommendations. *Id.*; Dkt. 101. The court then announced what its recommendation would be.

### RECOMMENDATION

In accordance with the Sentencing Reform Act of 1984, and having considered both parties' arguments, the court recommends that: (1) allegation three in the petition for revocation of Hankins's supervised release, Dkt. 91 (sealed), be dismissed; (2) Hankins's supervised release be revoked based on allegations one, two, four, and five in the petition, *id.*; (3) Hankins be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight months, with no term of supervised release to follow; and (4) Hankins be placed at FCI Seagoville in Seagoville, Texas, if appropriate.

So **ORDERED** and **SIGNED** this 28th day of May, 2026.

_____
Bill Davis
United States Magistrate Judge

2